<u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Ballot and supporting documents were forwarded on May 12, 2025, by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix):

By Electronic CM/ECF Notice:

Robert A. Byrd

U.S. Trustee

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

CAMPBELL FAMILY ENTERPRISES, INC

CASE NO: 25-10364

**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 11

On 5/12/2025, I did cause a copy of the following documents, described below,

Ballot

Order, Notice, Plan of Reorganizations, Schedules/Statements and Projected Income

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 5/12/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401
601 500 5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

CAMPBELL FAMILY ENTERPRISES, INC

CASE NO: 25-10364

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 11

On 5/12/2025, a copy of the following documents, described below,

Ballot

Order, Notice, Plan of Reorganizations, Schedules/Statements and Projected Income

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/12/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

USPS FIRST CLASS MAIL FOR ALL RECIPIENTS:
Parties with names struck through or labeled with a "SERVICE PREFERENCE" will not be served via First Class USPS Mail Service.

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
05371
CASE 25-10364-SDM
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN
FRI MAY 9 15-21-16 CDT 2025

AMUR
PO BOX 911685
DENVER CO 80291-1685

AMERICAN EXPRESS
PO BOX 297800
FORT LAUDERDA FL 33329-7800

AMERICAN EXPRESS NATIONAL BANK
CO BECKET AND LEE LLP
PO BOX 3001
MALVERN PA 19355-0701

AMUR EQUIPMENT FINANCE INC
CO KYE LAW GROUP PC
201 OLD COUNTRY ROAD SUITE 120
MELVILLE NY 11747-2725

ARNOLD U LUCIANO
JACKS GRIFFITH LUCIANO PA
PO BOX 1209
CLEVELAND MS 38732-1209

ROBERT A BYRD
BYRD  WISER
P O BOX 1939
BILOXI MS 39533-1939

ROBERT ALAN BYRD
145 MAIN STREET
P O BOX 1939
BILOXI MS 39533-1939

CFG MERCAHT SOLUTIONS
180 MAIDEN LANE
FLOOR 15
NEW YORK NY 10038-5150

(P)CORPORATE BILLING
ATTN JANICE HEARD
PO BOX 1726
DECATUR AL 35602-1726

DEBTOR
CAMPBELL FAMILY ENTERPRISES INC
1214 WAVERLY AVE
CLEVELAND MS 38732-4139

CAPITAL ONE BANK
PO BOX 60519
CITY OF INDUS CA 91716-0519

CHASE
PO BOX 15548
WILMINGTON DE 19886-5548

CLEVELAND STATE BANK
PO BOX 1000
CLEVELAND MS 38732-1000

CLEVELAND STATE BANK
PO BOX 1000
110 COMMERCE AVE
CLEVELAND MS 38732-2736

CLEVELAND STATE BANK
CO ARNOLD U LUCIANO
PO BOX 1209
CLEVELAND MS 38732-1209

GENERAL TRUCK
1973 EAST BROOKS ROAD
PO BOX 161202
MEMPHIS TN 38186-1202

(P)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

INTERNAL REVENUE SERVICE
CO US ATTORNEY
501 EAST COURT ST
STE 4430
JACKSON MS 39201-5025

LIFT FUND INC
2014 S HACKBERRY
SAN ANTONIO TX 78210-3541

LIFT FUND INC
2014 S HACKBERRY ST
2014 S HACKBERRY ST
SAN ANTONIO TX 78210-3541

ARNULFO U LUCIANO
JACKS GRIFFITH LUCIANO PA
PO BOX 1209
CLEVELAND MS 38732-1209

MS TAX COMMISSION
PO BOX 22808
JACKSON MS 39225-2808

MISSISSIPPI DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
POST OFFICE BOX 22808
JACKSON MS 39225-2808

NORTH MILL EQIPMENT FI
PO BOX 77840
SPRINGFIELD OH 45501-7840

EXCLUDE
PHILLIP CAMPBELL
1214 WAVERLY STREET
CLEVELAND MS 38732-4139

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled as "CM/ECF SERVICE" were not served via First Class USPS Mail Service.

~~EXCLUDE~~

~~THOMAS G ROLLINS JR~~
~~THE ROLLINS LAW FIRM PLLC~~
~~PO BOX 13767~~
~~JACKSON MS 39236-3767~~

TOPMARK FUNDING LLC
516 GIBSON DR
SUITE 160
ROSEVILLE CA 95678-5792

TRUIST BANK
PO BOX 85041
RICHMOND VA 23285-5041

TRUIST BANK SUPPORT SERVICES
PO BOX 85092
RICHMOND VA 23286-0001

U S ATTORNEY
NORTHERN DISTRICT OF MISSISSIPPI
900 JEFFERSON AVENUE
OXFORD MS 38655-3608

~~EXCLUDE~~

~~U S SECURITIES AND EXCHANGE COMMISSION~~
~~OFFICE OF REORGANIZATION~~
~~950 EAST PACES FERRY ROAD SUITE 900~~
~~ATLANTA GA 30326-1382~~

~~EXCLUDE~~

~~U S TRUSTEE~~
~~501 EAST COURT STREET SUITE 6430~~
~~JACKSON MS 39201-5022~~

(P)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON DC 20530-0001

UNITED FIRST
299 NE 191ST STREET
MIAMI FL 33180

VOLVO FINANCIAL SERVIC
PO BOX 72470236
PHILADELPHIA PA 19170-0001

WEBB TRUCKING LLC
501 ARRINGTON RD
CLEVELAND MS 38732

Official Form 314  (02/20)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**IN RE:    Campbell Family Enterprises, Inc, Debtor**          **Case No. 25-10364-SDM**
**CHAPTER 11**

## Class ___ Ballot for Accepting or Rejecting Plan of Reorganization

Campbell Family Enterprises, Inc filed a plan of reorganization dated May 5, 2025 (the Plan) for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class ___ under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Thomas C. Rollins, Jr. on or before June 9, 2025, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.**

**Acceptance or Rejection of the Plan**

The undersigned, the holder of a Class _____ claim against the Debtor in the unpaid amount of
_____Dollars ($_____)

*Check one box only*

❑    **Accepts the plan**

❑    **Rejects the plan**

Dated: _____          Print or type name: _____

Signature: _____ Title _____

Address: _____

_____

_____

**Return this ballot to:**
Thomas C. Rollins, Jr.
P.O. Box 13767
Jackson, MS 39236

_____

**SO ORDERED,**



*[signature]*

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

**CAMPBELL FAMILY ENTERPRISES, INC.**                    **CASE NO. 25-10364-SDM**

**DEBTOR .**                                              **CHAPTER 11**

### ORDER AND NOTICE UNDER SUBCHAPTER V OF CHAPTER 11 FIXING:
### (1) 1111(b) ELECTION DEADLINE; (2) RECORD HOLDER DEADLINE; (3) VOTING
### DEADLINE; (4) PLAN OBJECTION DEADLINE; AND (5) CONFIRMATION HEARING DATE

A plan of reorganization under Subchapter V of Chapter 11 of the Bankruptcy Code (the "Plan") (Dkt. #67) was filed by the Debtor on May 5, 2025.

**THEREFORE, IT IS ORDERED, AND NOTICE IS HEREBY GIVEN, THAT**:

1.  June 9, 2025 is fixed as the last day for filing an election of application under § 1111(b)(2).

2.  June 9, 2025 is fixed as the date on which an equity security holder, or creditor whose claim is based on a security, must be the holder of record of the security in order to be eligible to vote to accept or reject the plan.

3.  June 9, 2025 is fixed as the last day for filing ballots accepting or rejecting the Plan.

4.  June 9, 2025 is fixed as the last day for filing and serving written objections to the confirmation of the Plan.  Attorneys and Registered Users of the Electronic Case Filing (ECF) system should file any response using ECF. Others should file any response at U.S. Bankruptcy Court, 703 Highway 145 North, Aberdeen, MS 39730.  If you file a response, you and/or your attorney are required to attend the hearing.  The hearing will be electronically recorded by the Court.

5.  June 24, 2025 at 10:00 am  is fixed for the evidentiary hearing on the confirmation of the Plan.  All attorneys, parties, and other interest parties should follow the instructions below:

    a.   Complete the instructions below at least 5 minutes prior to the time of the hearing.

      b.  Go to **Zoom.us/join**, Enter Meeting ID **160 853 64415**, and Passcode **3699380**, OR call **(646) 828-7666**.

      c.  Once you are connected, identify yourself by stating your name.  Once your presence is acknowledged, please mute your audio until further notice from the Court.

This hearing will be conducted by video.  For procedures regarding video hearings, please see the Standing Order Regarding Video Hearings Before Judge Selene D. Maddox available on the Standing Orders page of the Court's website at www.msnb.uscourts.gov.  Should you experience difficulties, please contact the Clerk's Office at 662-369-2596.

6.  Within 4 days after the entry of this order, the Debtor's attorney shall cause to be transmitted to creditors, equity security holders, other parties in interest, and the United States trustee a copy of the following:

- This order;
- The Plan filed May 5, 2025;
- A ballot form for voting on the acceptance or rejection of the Plan, **which should be returned to the Debtor's attorney and not the Court.**  The Debtor's attorney shall be served as follows:

               Thomas C. Rollins, Jr.
               P.O. Box 13767
               Jackson, MS 39236

7.  After completion of the above transmittal, the Debtor's attorney shall immediately file a Certificate of Service with the Court, listing the names and addresses of each party served.

##END OF ORDER##

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:      **Campbell Family Enterprises, Inc., Debtor**      **Case No. 25-10364-SDM**
**CHAPTER 11**

## PLAN OF REORGANIZATION

Campbell Family Enterprises, Inc.. ("CFE"), Debtor-in-Possession in the above

entitled Chapter 11, proposes the following Plan of Organization. Robert A. Byrd has

been appointed as the Subchapter V Trustee.

### Definitions

A.      <u>Allowed Claim</u>. Allowed Claim shall mean a claim (i) in respect of which a Proof

of Claim or Application For Payment has been timely filed with the Court within the period of

limitations to the extent applicable, fixed by Rule 3003, and no objection has been filed as to the

Proof of Claim, or (ii) scheduled in the list of creditors prepared and filed with the Court

pursuant to Rule 1007, as amended, at least ten (10) days prior to the confirmation date and not

listed as disputed, contingent or unliquidated as to amounts, as to which no objection to the

allowance thereof has been interposed within or an Order of the Court entered, or as to which

any such objection has been determined by an Order or Judgment.

B.      <u>Allowed Secured Claim</u>. Allowed Secured Claim shall mean an allowed claim

secured by an enforceable lien, security interest, or other change against, or interest in, property

in which Debtor have an interest. Any secured claim listed in the schedules as disputed,

contingent, or unliquidated will be disallowed unless a timely proof of claim is filed or the Court

enters an order expressly allowing the claim.

C.      <u>Allowed Unsecured Claim</u>. Allowed Unsecured Claim shall mean an allowed

claim to the extent not secured by an enforceable lien, security interest, or other charge against or

interest in property in which Debtor has an interest, or which is not subject to set-off under 5553 of the Code.  Any unsecured claim listed in the schedules as disputed, contingent, or unliquidated will be disallowed unless a timely proof of claim is filed or the Court enters an order expressly allowing the claim.

D.    Bankruptcy Code. Bankruptcy Code shall mean the codified bankruptcy law as set forth in Title XI of the United States Code and 101, et seq., as amended.

E.    Claim. Claim shall mean any right to claim payment or right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, against Debtor in existence on or as of Petition date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, undisputed, legal, secured or unsecured. "Claim" shall also mean a claim under § 507(a)(1) of the Code for which an Application for Approval is timely filed with the Court.

F.    Class. Class shall mean any class into which allowed claims are classified, pursuant to Article Il.

G.    Code. Code shall mean the Bankruptcy Code, 11 U.S.C., 5101, et seq., and any amendments thereof.

H.    Confirmation Date. Confirmation Date shall mean the date upon which the Order of Confirmation was entered by the Court.

J.    Court. Court shall mean the United States Bankruptcy Court for the Northern District of Mississippi, in which the Debtor's Chapter 11 proceeding, pursuant to which the Plan is proposed, is pending, or such other Court having jurisdiction of this bankruptcy proceeding.

K.    Debtor. "Debtor" shall mean Campbell Family Enterprises, Inc..

L.    Effective Date of Plan. Effective Date of Plan shall be sixty (60) days from the entry of an Order confirming the Chapter 11 Plan.

M.    <u>Order of Confirmation</u>. Order of Confirmation shall mean the Order entered by the Court confirming this Plan, in accordance with the provisions of Chapter 11 of the Code.

N.    <u>Petition Date</u>. Petition Date shall mean the date on which the Debtor filed its Chapter 11 Petition with the Court.

P.    <u>Plan</u>. Plan shall mean this Chapter 11 Plan, as amended, in accordance with the terms hereof or modified in accordance with the Code.

Except as otherwise provided, or unless inconsistent with the manifest intentions of this Plan, all words and phrases shall have the meanings attributed to them in the Code.

## <u>Background</u>

CFE is owned solely by Phillip Campbell. The Debtor's assets and liabilities are fully set forth in its schedules, attached hereto as Exhibit A. Historically, the Debtor conducted an agricultural trucking business, hauling grain to and from mills and storage facilities. Like many enterprises, the Debtor began to suffer financial distress during the COVID-19 pandemic. Due to an inadvertent error by the Debtor's CPA, the Debtor's tax filings were incomplete, rendering it ineligible for pandemic-era government relief programs upon which similarly situated businesses relied.

Since the pandemic, external market forces have made agricultural hauling an unreliable source of revenue, and prevailing freight rates declined sharply. To maintain operations, the Debtor resorted to merchant cash advances, the cumulative repayment obligations of which proved unsustainable. In the months following the commencement of this bankruptcy case, the Debtor has diversified its services to reduce dependency on agricultural contracts; although those hauling engagements remain available, they will no

longer constitute the Debtor's primary business focus. While freight rates have recently begun to recover, uncertainty persists due to ongoing tariff policies.

Despite operating at a net loss in prior fiscal years, the Debtor's financial performance has improved markedly in recent months. The Debtor anticipates generating sufficient net income to service its secured indebtedness and to repay all allowed unsecured claims in full under a five-year plan.

## Bankruptcy Proceedings

The Initial Debtor Interview and 341 meeting have been completed.  The 11 U.S.C. § 1188 status report has been filed.  Debtor has obtained court approval to hire counsel and an accountant.

## Liquidation Analysis

A Liquidation Analysis is found on Official Form 206Sum found in the schedules attached as Exhibit "A".  The debtor has $317,300.00 in assets and $550,971.25 in liabilities.

## Plan Alternatives

The hypothetical liquidation analysis would yield no distribution to holders of unsecured claims and it would necessitate the termination of several of the Debtor's drivers. Moreover, liquidation valuations are predicated upon prevailing market appraisals; in a forced-sale context, the Debtor's assets would likely fetch substantially less than scheduled values. Consequently, a liquidation could materially reduce the recoveries available to unsecured creditors.

## Feasibility of the Plan

Attached hereto as Exhibit "B" is the Debtor's Cash Flow Analysis, which integrates its historical financial performance with projected future revenues and expenses.

## Administrative Costs

All allowed expenses of administration of attorneys, accountants, trustees or other professionals for the Debtor, to be paid as and when due, to the extent allowed and ordered by the Court.

On March 14, 2025, an Order (Dk # 45) was entered employing Thomas Rollins as attorney for CFE. At the time of this disclosure statement and Plan being filed, no fee application has been filed on behalf of debtor's attorneys.

Additionally, the debtor/reorganized debtor shall submit to the United States Trustee post confirmation monthly operating reports in the format prescribed by the United States Trustee until such time as this case is converted, dismissed or closed by the Court.

## Classification and Treatment of Claims

Class 1 Creditors.       Class 1 consists of the administrative claims as follows:

Debtor's counsel, accountant, trustee and other professionals shall be paid upon entry of an order approving fees.

Class 2 Creditor.       Class 2 consists of unsecured priority claims of the Internal Revenue Service ("IRS") and Mississippi Department of Revenue ("MDoR") (collectively "Taxing Authority")

The Debtor acknowledges that the IRS and MDoR may assert claims against the Debtor entitled to priority under 11 U.S.C. § 507(a)(8) (the "Priority Tax Claims").

The Debtor represents that as of the date of filing this Plan, no Priority Tax Claims have been asserted.   In the event a Taxing Authority amends a previously filed General Unsecured Claim to assert a Priority Tax Claim, such amended Priority Tax Claim shall be paid within sixty (60) months from the Effective Date, together with statutory interest thereon.

The Debtor reserves the right to object to any Priority Tax Claim.

Class 3 Creditors.      Secured Claims of Cleveland State Bank

Cleveland State Bank ("CSB") holds secured claims against the Debtor, evidenced by liens on the following collateral:

1. 2021 Volvo VNL64T670 and 2020 Volvo VNL64T760 trucks (combined value $60,740);

2. 2015 Timpte hopper-bottom trailer (value $27,825);

3. 2017 Volvo VNL 64T300 truck (value $14,850);

4. 2013 Timpte hopper-bottom trailer (value $25,866); and

5. 2018 Timpte trailer (value $36,735).

Under this Plan, CSB's secured claims shall be deemed impaired and consolidated into a single obligation in the principal amount of $193,576.36, which shall accrue interest at the rate of 8% per annum. The consolidated claim shall be payable in equal monthly installments of $3,925.03, commencing on the Effective Date and continuing for sixty (60) consecutive months. CSB shall retain its liens on all collateral until the consolidated claim is paid in full, and the Debtor shall maintain insurance on the collateral in accordance with the existing loan documents.

Class 4 Creditors      Secured Claims of Amur Equipment Finance, Inc.

Amur Equipment Finance, Inc. ("Amur") holds secured claims against the Debtor, evidenced by a lien on a 2020 Volvo VNR Truck with a value of $50,000.00.

Under this Plan, Amur's secured claim shall be deemed impaired. The principal amount of $17,976.51, which shall accrue interest at the rate of 8% per annum shall be payable in equal monthly installments of $364.50, commencing on the Effective Date and continuing for sixty (60) consecutive months. Amur shall retain its liens on all collateral until the claim is paid in full, and the Debtor shall maintain insurance on the collateral in accordance with the existing loan documents.

<u>Class 5 Creditors.</u>        Secured Claim of Lift Fund

Lift Fund holds secured claims against the Debtor, evidenced by a lien on a 2021 Bari UT Utility Trailer with a value of $16,222.67.   Under this Plan, Lift Fund's secured claim shall be deemed impaired. The principal amount of $16,222.67, which shall accrue interest at the rate of 8% per annum shall be payable in equal monthly installments of $328.94, commencing on the Effective Date and continuing for sixty (60) consecutive months. Lift Fund shall retain its liens on all collateral until the claim is paid in full, and the Debtor shall maintain insurance on the collateral in accordance with the existing loan documents.

<u>Class 6 Creditors.</u>        Secured Claim of Volvo Financial Services

Volvo Financial Services ("Volvo") holds secured claims against the Debtor, evidenced by a lien on a 2020 Volvo VNR Truck with a value of $50,000.00.   Under this Plan, Volvo's secured claim shall be deemed impaired. The principal amount of approximately $52,800.00, which shall accrue interest at the rate of 8% per annum shall be payable in equal monthly installments of approximately $1,070.59, commencing on the Effective Date and continuing for sixty (60) consecutive months. Volvo shall retain its liens on all collateral until the claim is paid in full, and the Debtor shall maintain insurance on the collateral in accordance with the existing loan documents.

Class 7 Creditors.        Secured Claim of North Mill Equipment

North Mill Equipment ("North Mill") holds secured claims against the Debtor, evidenced by a lien on a 2019 Timpte Trailer with a value of $38,000.00.   Under this Plan, North Mill's secured claim shall be deemed impaired.  The principal amount of approximately $38,000.00, which shall accrue interest at the rate of 8% per annum shall be payable in equal monthly installments of approximately $770.50, commencing on the Effective Date and continuing for sixty (60) consecutive months. North Mill shall retain its liens on all collateral until the claim is paid in full, and the Debtor shall maintain insurance on the collateral in accordance with the existing loan documents.

Class 8 Creditors.        United First and CFG Merchant Solutions

United First and CFG Merchant Solutions (collectively, the "Claimants") have asserted disputed claims, which shall be classified and treated as General Unsecured Claims under this Plan. To the extent either Claimant holds a valid lien on any prepetition property of the Debtor, such lien shall not attach to, encumber, or affect any property or interests in property acquired by the Debtor after the Petition Date

Class 9 Creditors.        General Unsecured Claims

Allowed General Unsecured Claims shall receive one hundred percent (100%) of their allowed claim amount, payable in five (5) equal annual installments without interest. The first installment shall be due no later than one (1) year after the Effective Date, with each subsequent installment due on the annual anniversary of the Effective Date until the claims are paid in full.

Class 10 Creditors.     Equity Interests

Phillip Campbell shall maintain his equity interest in the Debtor.

Executory Contracts and Unexpired Leases.

Any executory contract or unexpired lease that CFE is a party to will be deem rejected as of the effective date unless previously assumed by motion and order of the court.  Claims created by the rejection of an executory contract or lease will be served on Debtor's counsel and filed with the court within sixty (60) days after entry of the final Order Confirming the Plan. Any claim not filed within such time will be forever barred as against the estate and the Debtor. Claim arising from the rejection of executory contracts or unexpired leases will be treated as

CFE may amend, modify or withdraw the plan at any time prior to confirmation without the approval of the Court.  After confirmation, CFE may only modify the plan before substantial consummation and with the approval of the Court.

## Means for Execution of the Plan

The debtor will pay its obligations under this plan from its future income.  Debtor will make distributions under the Plan.

## Revesting of Property

Except as otherwise provided herein or the confirmation order, confirmation of the Plan vests all property of the estate in CFE. Subsequent to confirmation of the Plan, CFE may buy, use, acquire, and dispose of property, free of any restrictions contained in the Bankruptcy Code. If the plan is confirmed non-consensually, then the property will revest in the Debtor, post-conclusion of the plan.

## Invalidation of Liens and Discharge

All liens securing claims which are not allowed pursuant to the provisions of the Plan or Bankruptcy Code §§502 and 506 shall be invalidated and deemed null and void and of no further force in effect. The provisions of the confirmed plan shall bind all creditors and parties in interest whether they accept the plan or file a proof of claim. Unless otherwise specifically

provided to the contrary herein or in the confirmation Order, on or after confirmation, all holders

of claims or interest shall be precluded from asserting any claim against CFE or its assets or

properties.

Pursuant to section 1141(d) of the Bankruptcy Code and except as otherwise expressly

provided in this Plan or the Confirmation Order, upon the Effective Date, which shall be sixty

(60) days after the entry of the Confirmation Order, all pre-petition debts, claims, liens,

encumbrances, and liabilities of any kind or nature whatsoever against the Debtor or any of its

assets or properties, including, without limitation, interest accrued on such claims from and after

the Petition Date, shall be immediately and forever discharged, released, and extinguished.

On and after the Effective Date, the Debtor and its estate shall be deemed discharged and

released under section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims and debts

that arose before the Confirmation Date, and any debt of a kind specified in section 502(g),

502(h), or 502(i) of the Bankruptcy Code, whether or not: (i) a proof of Claim based upon such

debt is filed or deemed filed under section 501 of the Bankruptcy Code; (ii) a Claim based upon

such debt is Allowed under section 502 of the Bankruptcy Code; or (iii) the holder of a Claim

based upon such debt has accepted the Plan.

If the plan is confirmed non-consensually, then the discharge will be granted pursuant to

11 U.S.C. §§ 1191(b), 1192.

The discharge granted hereunder shall void any judgment obtained against the Debtor at

any time, to the extent that such judgment relates to a discharged Claim.

Except as otherwise provided in the Plan or Confirmation Order, on and after the

Effective Date, all entities who have held, currently hold, or may hold a debt, Claim, or other

liability that is discharged are permanently enjoined from taking any of the following actions on

account of any such discharged debt, Claim, or other liability: (i) commencing or continuing in

any manner any action or other proceeding against the Debtor or its property; (ii) enforcing,

attaching, collecting, or recovering in any manner any judgment, award, decree, or order against

the Debtor or its property; (iii) creating, perfecting, or enforcing any lien or encumbrance

against the Debtor or its property; (iv) asserting any setoff, right of subrogation, or recoupment

of any kind against any debt, liability, or obligation due to the Debtor; and (v) commencing or

continuing any action, in any manner, in any place that does not comply with or is inconsistent

with the provisions of the Plan.

Nothing in this Plan shall be deemed to discharge, release, or otherwise affect any debt

or Claim that is not dischargeable under section 1141(d)(2) or section 1141(d)(3) of the

Bankruptcy Code or other applicable law.

## Reservation of Rights to Bring Claims

CFE, as representative of the bankruptcy estate, reserves the exclusive right to initiate

and pursue any and all claims and causes of action belonging to the estate, including but not

limited to avoidance actions, under the jurisdiction of the courts of the State of Mississippi and

subject to the applicable laws and regulations of Mississippi (the "Mississippi Claims") in

addition to, and not in limitation of, the Debtor's rights under the Bankruptcy Code.

Any funds recovered from these causes of action will be used to fund the Plan.

## Modification of the Plan

CFE may propose amendments or modifications of this Plan prior to confirmation, in the

manner provided for in 11 U.S.C., §1127, and the applicable Bankruptcy Rules. After

confirmation, Debtor may amend the Plan in the manner provided in 11 U.S.C. §1127, and the

applicable Bankruptcy Rules.  The notice and hearing required by each Code section shall be

given to all creditors. The Court may, at any time, so long as it does not materially or adversely affect the interest of the creditors, remedy any deficit or omissions or reconcile any inconsistencies in the Plan or in the Order of Confirmation, in such manner as may be necessary to carry out the purposes and effects of the Plan.

## **Default**

Upon the Debtor's failure to make any payment when due under this Plan (a "Plan Default"), the affected creditor shall promptly file a Notice of Default with the Court and serve a copy thereof on the Debtor and its counsel. If the Plan Default is not cured within twenty (20) days after service of the Notice, the automatic stay under 11 U.S.C. § 362 shall be deemed terminated with respect to that creditor, and such creditor may exercise its rights and remedies under applicable non-bankruptcy law and the governing loan documents.

## **Jurisdiction of the Court**

The Court will retain jurisdiction until the Plan has been fully consummated, including, but not limited to, the following purposes:

A.    The classification of the claim of any creditor and the re-examination of the claims that have been allowed for the purpose of determining of such objections as may be filed to creditors' claims.  The failure to object to or to examine any claim for the purpose of determining acceptances shall not be deemed to be a waiver of the right to object to or re-examine the claim, in whole or in part.

B.    The termination of all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to pending action as the date of confirmation between the Debtor and any other

party, including but not limited to any right of the Debtor to recover assets pursuant to the

provisions of the Code.

C.     The correction of any defect, the curing of any omission or the reconciliation of

any inconsistency in this Plan, or in the Order of Confirmation, as may be necessary to carry out

the purposes and intent of this Plan, on notice or ex parte, as the Court shall determine to be

appropriate.

D.     The Modification or enforcement of this Plan after confirmation, pursuant to the

Bankruptcy Rules and the Code.

E.     The enforcement and interpretation of the terms and conditions of this Plan.

F.     The entry of any Order necessary to enforce the title, rights and powers of the

Debtor and to impose such limitations, restrictions, terms and conditions, or such title, rights and

powers as this Court may deem necessary.

G.     The entry of an Order concluding and terminating this case.

Respectfully submitted,

By: /s/ Thomas C. Rollins, Jr.
     Thomas C. Rollins, Jr.
     Attorney for Livingston Township Fund One, LLC


Of Counsel:
Thomas C. Rollins, Jr. (MSBN 103469)
The Rollins Law Firm
P.O. Box 13767
Jackson, MS 39236
601.500.5333
trollins@therollinsfirm.com

**Fill in this information to identify the case:**

Debtor name        **Campbell Family Enterprises, Inc**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF MISSISSIPPI

Case number (if known)    **25-10364**

☐ Check if this is an
amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
|---|---|

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*...................................................................................    $ _____ 0.00

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*..............................................................................    $ _____ 317,300.00

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*................................................................................    $ _____ 317,300.00

| Part 2: | Summary of Liabilities |
|---|---|

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................    $ _____ 403,893.00

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................    $ _____ 35,700.00

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*..............................    +$ _____ 111,378.25

4.   **Total liabilities** ...........................................................................
    Lines 2 + 3a + 3b                    $ _____ 550,971.25

**Exhibit "A"**

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor name | **Campbell Family Enterprises, Inc** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF MISSISSIPPI |
| Case number (if known) | |

Check if this is an
amended filing

# Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

    No. Go to Part 2.

    Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|

| 3. | **Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | |
|---|---|---|---|
| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number |
| 3.1. | **Cleveland State Bank** | **Business Checking** | **$8,800.00** |

| 4. | **Other cash equivalents** *(Identify all)* |
|---|---|

| 5. | **Total of Part 1.** | |
|---|---|---|
| | Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | **$8,800.00** |

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

    No. Go to Part 3.

    Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

    No. Go to Part 4.

    Yes Fill in the information below.

| 11. | **Accounts receivable** | | | |
|---|---|---|---|---|
| | 11a. 90 days old or less: | **10,000.00** - | **0.00** = .... | **$10,000.00** |
| | | face amount | doubtful or uncollectible accounts | |

Debtor    **Campbell Family Enterprises, Inc**                                  Case number *(If known)* _____
_____
Name

12.    **Total of Part 3.**

Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

| | $10,000.00 |
|---|---|

**Part 4:    Investments**

13. **Does the debtor own any investments?**

No.  Go to Part 5.
Yes Fill in the information below.

**Part 5:    Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

No.  Go to Part 6.
Yes Fill in the information below.

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

No.  Go to Part 7.
Yes Fill in the information below.

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

No.  Go to Part 8.
Yes Fill in the information below.

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

No.  Go to Part 9.
Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 47.    **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1.    **2013 Timple 43' Hopper Bottom** | Unknown | | $28,000.00 |
| 47.2.    **2012 Volvo VNL 64T670**<br>**2020 Volvo VNL64T760** | Unknown | | $45,000.00 |
| 47.3.    **2018 Timpte Trailer** | Unknown | | $32,500.00 |
| 47.4.    **2015 Timpte Hopper Bottom Trailer** | Unknown | | $30,000.00 |
| 47.5.    **2017 Volvo VNL 64T300** | Unknown | | $25,000.00 |
| 47.6.    **2019 Timpte Trailer** | Unknown | | $38,000.00 |

| Debtor | **Campbell Family Enterprises, Inc** | | Case number *(if known)* | |
| | Name | | | |

| 47.7. | **2020 Volvo VNR** | **Unknown** | **$50,000.00** |
| 47.8. | **2020 Volvo VNR** | **Unknown** | **$50,000.00** |

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**

Add lines 47 through 50.  Copy the total to line 87.

| $298,500.00 |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    No
    Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    No
    Yes

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

No.  Go to Part 10.
Yes Fill in the information below.

## Part 10:    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

No.  Go to Part 11.
Yes Fill in the information below.

## Part 11:    All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

No.  Go to Part 12.
Yes Fill in the information below.

Debtor    **Campbell Family Enterprises, Inc**    Case number *(If known)* _____
      Name

| Part 12: | Summary |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80.  **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $8,800.00 | |
| 81.  **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82.  **Accounts receivable.** *Copy line 12, Part 3.* | $10,000.00 | |
| 83.  **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84.  **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85.  **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86.  **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87.  **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $298,500.00 | |
| 88.  **Real property.** *Copy line 56, Part 9*..............................................................> | | $0.00 |
| 89.  **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90.  **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91.  **Total.** Add lines 80 through 90 for each column | $317,300.00 | + 91b.  $0.00 |
| 92.  **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $317,300.00 |

| Fill in this information to identify the case: |
| --- |
| Debtor name **Campbell Family Enterprises, Inc** |
| United States Bankruptcy Court for the: NORTHERN DISTRICT OF MISSISSIPPI |
| Case number (if known) **25-10364** |

Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

**2.** List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
| --- | --- | --- | --- |
| **2.1  CFG Mercant Solutions**<br>Creditor's Name<br><br>**180 Maiden Lane**<br>**Floor 15**<br>**New York, NY 10038**<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br>**90 days or less: Accounts Receivable** | $12,000.00 | $10,000.00 |

Describe the lien

Is the creditor an insider or related party?

No

Creditor's email address, if known            Yes

**Is anyone else liable on this claim?**

**Date debt was incurred**                     No

Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an**              **As of the petition filing date, the claim is:**
**interest in the same property?**             Check all that apply

No                                             Contingent

Yes. Specify each creditor,                    Unliquidated
including this creditor and its relative
priority.                                      Disputed
**1. United First**
**2. CFG Mercaht Solutions**

| **2.2  Cleveland State Bank**<br>Creditor's Name<br><br>**PO Box 1000**<br>**110  Commerce Ave**<br>**Cleveland, MS 38732**<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br>**2013 Timple 43' Hopper Bottom** | $11,835.00 | $28,000.00 |
| --- | --- | --- | --- |

Describe the lien
**Purchase Money Security**

Is the creditor an insider or related party?

No

Creditor's email address, if known            Yes

**Is anyone else liable on this claim?**

**Date debt was incurred**                     No
**2/10/2022**
Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**
**7250**

**Do multiple creditors have an**              **As of the petition filing date, the claim is:**
**interest in the same property?**             Check all that apply

| Debtor | Campbell Family Enterprises, Inc | Case number (if known) | 25-10364 |
|---|---|---|---|
| | Name | | |

No

Yes. Specify each creditor,
including this creditor and its relative
priority.

Contingent

Unliquidated

Disputed

---

| 2.3 | **Cleveland State Bank** | **Describe debtor's property that is subject to a lien** | $140,000.00 | $45,000.00 |
|---|---|---|---|---|

Creditor's Name

**PO Box 1000**
**110  Commerce Ave**
**Cleveland, MS 38732**

Creditor's mailing address

**2012 Volvo VNL 64T670**
**2020 Volvo VNL64T760**

**Describe the lien**

**Purchase Money Security**

Creditor's email address, if known

**Is the creditor an insider or related party?**

No

Yes

**Is anyone else liable on this claim?**

No

Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**11/23/2022**

**Last 4 digits of account number**

**7250**

**Do multiple creditors have an interest in the same property?**

No

Yes. Specify each creditor,
including this creditor and its relative
priority.

**As of the petition filing date, the claim is:**
Check all that apply

Contingent

Unliquidated

Disputed

---

| 2.4 | **Cleveland State Bank** | **Describe debtor's property that is subject to a lien** | $20,000.00 | $30,000.00 |
|---|---|---|---|---|

Creditor's Name

**PO Box 1000**
**110  Commerce Ave**
**Cleveland, MS 38732**

Creditor's mailing address

**2015 Timpte Hopper Bottom Trailer**

**Describe the lien**

Creditor's email address, if known

**Is the creditor an insider or related party?**

No

Yes

**Is anyone else liable on this claim?**

No

Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**5/9/2023**

**Last 4 digits of account number**

**7250**

**Do multiple creditors have an interest in the same property?**

No

Yes. Specify each creditor,
including this creditor and its relative
priority.

**As of the petition filing date, the claim is:**
Check all that apply

Contingent

Unliquidated

Disputed

---

| 2.5 | **Cleveland State Bank** | **Describe debtor's property that is subject to a lien** | $21,000.00 | $32,500.00 |
|---|---|---|---|---|

Creditor's Name

**PO Box 1000**
**110  Commerce Ave**
**Cleveland, MS 38732**

Creditor's mailing address

**2018 Timpte Trailer**

**Describe the lien**

**Is the creditor an insider or related party?**

No

---

| Debtor | **Campbell Family Enterprises, Inc** | Case number (if known) | **25-10364** |
|---|---|---|---|
| | Name | | |

Yes

**Is anyone else liable on this claim?**

No

Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**11/22/2023**

**Last 4 digits of account number**

**7250**

**Do multiple creditors have an interest in the same property?**

No

Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

Contingent

Unliquidated

Disputed

---

| 2.6 | **Cleveland State Bank** | Describe debtor's property that is subject to a lien | $22,000.00 | $25,000.00 |
|---|---|---|---|---|

Creditor's Name

**PO Box 1000**
**110  Commerce Ave**
**Cleveland, MS 38732**

Describe debtor's property that is subject to a lien
**2017 Volvo VNL 64T300**

Creditor's mailing address

**Describe the lien**

**Is the creditor an insider or related party?**

Creditor's email address, if known

No

Yes

**Is anyone else liable on this claim?**

No

Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**8/25/2023**

**Last 4 digits of account number**

**7250**

**Do multiple creditors have an interest in the same property?**

No

Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

Contingent

Unliquidated

Disputed

---

| 2.7 | **TopMark Funding, LLC** | Describe debtor's property that is subject to a lien | $38,000.00 | $38,000.00 |
|---|---|---|---|---|

Creditor's Name

**516 Gibson Dr.,**
**Suite 160**
**Roseville, CA 95678**

Describe debtor's property that is subject to a lien
**2019 Timpte Trailer**

Creditor's mailing address

**Describe the lien**

**Is the creditor an insider or related party?**

Creditor's email address, if known

No

Yes

**Is anyone else liable on this claim?**

No

Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

No

Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply

Contingent

Unliquidated

Disputed

---

| 2.8 | **TopMark Funding, LLC** | Describe debtor's property that is subject to a lien | $80,000.00 | $50,000.00 |
|---|---|---|---|---|

| Debtor | Campbell Family Enterprises, Inc | Case number (if known) | 25-10364 |
|---|---|---|---|

Name

| Creditor's Name | | | |
|---|---|---|---|

**516 Gibson Dr.,
Suite 160
Roseville, CA 95678**

**2020 Volvo VNR**

Creditor's mailing address

**Describe the lien**

**Is the creditor an insider or related party?**

No

Creditor's email address, if known

Yes

**Is anyone else liable on this claim?**

No

**Date debt was incurred**

Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an
interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

No

Contingent

Yes. Specify each creditor,
including this creditor and its relative
priority.

Unliquidated

Disputed

---

| 2.9 | **United First** | Describe debtor's property that is subject to a lien | $6,258.00 | $10,000.00 |
|---|---|---|---|---|

Creditor's Name

**90 days or less: Accounts Receivable**

**299 NE 191st Street
Miami, FL 33180**

Creditor's mailing address

**Describe the lien**

**Is the creditor an insider or related party?**

No

Creditor's email address, if known

Yes

**Is anyone else liable on this claim?**

No

**Date debt was incurred**

Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an
interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

No

Contingent

Yes. Specify each creditor,
including this creditor and its relative
priority.

Unliquidated

Disputed

**Specified on line 2.1**

---

| 2.1
0 | **Volvo Financial Servic** | Describe debtor's property that is subject to a lien | $52,800.00 | $50,000.00 |
|---|---|---|---|---|

Creditor's Name

**2020 Volvo VNR**

**PO Box 7247-0236
Philadelphia, PA 19170**

Creditor's mailing address

**Describe the lien**

**Is the creditor an insider or related party?**

No

Creditor's email address, if known

Yes

**Is anyone else liable on this claim?**

No

**Date debt was incurred**

Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

---

| Debtor | **Campbell Family Enterprises, Inc** | Case number (if known) | **25-10364** |
|--------|--------------------------------------|-----------------------|--------------|
|        | Name |  |  |

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
|---|---|
| No | Contingent |
| Yes. Specify each creditor, including this creditor and its relative priority. | Unliquidated |
|  | Disputed |

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $403,893.00

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **AMUR**<br>**PO Box 911685**<br>**Denver, CO 80291-1685** | Line _2.8_ |  |
| **North Mill Eqipment Fi**<br>**PO Box 77840**<br>**Springfield, OH 45501** | Line _2.7_ |  |

**Fill in this information to identify the case:**

Debtor name   **Campbell Family Enterprises, Inc**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF MISSISSIPPI

Case number (if known)

☐ Check if this is an amended filing

# Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | **Total claim** | **Priority amount** |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address<br>**Internal Revenue Servi**<br>**Centralized Insolvency**<br>**P.O. Box 7346**<br>**Philadelphia, PA 19101-7346** | As of the petition filing date, the claim is:<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $35,700.00 | $35,700.00 |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number | Is the claim subject to offset?<br>☐ No<br>☐ Yes | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | | | |

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | **Amount of claim** |
|---|---|---|
| **3.1** Nonpriority creditor's name and mailing address<br>**American Express**<br>**PO Box 297800**<br>**Fort Lauderda, FL 33329-7812**<br>Date(s) debt was incurred _<br>Last 4 digits of account number **1005** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: _<br>Is the claim subject to offset? ☐ No ☐ Yes | $700.00 |
| **3.2** Nonpriority creditor's name and mailing address<br>**Capital One Bank**<br>**P.O. Box 60519**<br>**City of Indus, CA 91716-0599**<br>Date(s) debt was incurred _<br>Last 4 digits of account number | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: **Credit Card**<br>Is the claim subject to offset? ☐ No ☐ Yes | $600.00 |

43316

| Debtor | Campbell Family Enterprises, Inc | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $20,834.72 |
|---|---|---|---|
| | **Chase**<br>P.O. Box 15548<br>Wilmington, DE 19886 | Contingent<br>Unliquidated<br>Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim:  **Credit Card** | |
| | Last 4 digits of account number _ | Is the claim subject to offset?    No    Yes | |

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $15,000.00 |
|---|---|---|---|
| | **Cleveland State Bank**<br>PO Box 1000<br>110  Commerce Ave<br>Cleveland, MS 38732 | Contingent<br>Unliquidated<br>Disputed | |
| | Date(s) debt was incurred  **7/17/2024** | Basis for the claim: _ | |
| | Last 4 digits of account number  **7250** | Is the claim subject to offset?    No    Yes | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $4,290.30 |
|---|---|---|---|
| | **General Truck**<br>1973 East Brooks Road<br>PO Box 161202<br>Memphis, TN 38186 | Contingent<br>Unliquidated<br>Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim:  **Vendor** | |
| | Last 4 digits of account number _ | Is the claim subject to offset?    No    Yes | |

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $27,420.00 |
|---|---|---|---|
| | **Truist Bank**<br>P.O. Box 85041<br>Richmond, VA 23285 | Contingent<br>Unliquidated<br>Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim:  **Credit Card** | |
| | Last 4 digits of account number  **3025** | Is the claim subject to offset?    No    Yes | |

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $26,350.00 |
|---|---|---|---|
| | **U.S. Bank**<br>P.O. Box 790408<br>Saint Louis, MO 63179 | Contingent<br>Unliquidated<br>Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim:  **Credit Card** | |
| | Last 4 digits of account number  **4076** | Is the claim subject to offset?    No    Yes | |

**Part 3:**    List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Internal Revenue Servi**<br>c/o US Attorney<br>501 East Court St<br>Ste 4.430<br>Jackson, MS 39201 | Line  **2.1**<br><br>Not listed. Explain ____ | _ |
| 4.2 | **US Attorney General**<br>US Dept of Justice<br>950 Pennsylvania AveNW<br>Washington, DC 20530-0001 | Line  **2.1**<br><br>Not listed. Explain ____ | _ |

Debtor    **Campbell Family Enterprises, Inc**                              Case number (if known) _____
          Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.  Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ | 35,700.00 |
| **5b. Total claims from Part 2** | 5b. | + $ | 95,195.02 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 130,895.02 |

| Fill in this information to identify the case: |
|---|
| Debtor name   **Campbell Family Enterprises, Inc** |
| United States Bankruptcy Court for the:   NORTHERN DISTRICT OF MISSISSIPPI |
| Case number (if known) |

        ☐ Check if this is an
        amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases      12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.**

1.   **Does the debtor have any executory contracts or unexpired leases?**

      ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.

      ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property*
(Official Form 206A/B).

| **2. List all contracts and unexpired leases** | | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **2015 Wilson Hopper Bottom** | |
| | State the term remaining | **3/2025** | **Webb Trucking, LLC**<br>**501 Arrington Rd**<br>**Cleveland, MS 38732** |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name    **Campbell Family Enterprises, Inc**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF MISSISSIPPI

Case number (if known)    _____

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                           12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1  **Phillip Campbell** | **1214 Waverly Street**<br>**Cleveland, MS 38732** | **Cleveland State Bank** | D ___**2.4**___<br>E/F _____<br>G _____ |
| 2.2  **Phillip Campbell** | **1214 Waverly Street**<br>**Cleveland, MS 38732** | **Cleveland State Bank** | D ___**2.5**___<br>E/F _____<br>G _____ |
| 2.3  **Phillip Campbell** | **1214 Waverly Street**<br>**Cleveland, MS 38732** | **Cleveland State Bank** | D ___**2.6**___<br>E/F _____<br>G _____ |
| 2.4  **Phillip Campbell** | **1214 Waverly Street**<br>**Cleveland, MS 38732** | **Cleveland State Bank** | D _____<br>E/F ___**3.4**___<br>G _____ |
| 2.5  **Phillip Campbell** | **1214 Waverly Street**<br>**Cleveland, MS 38732** | **Cleveland State Bank** | D ___**2.2**___<br>E/F _____<br>G _____ |

Debtor    **Campbell Family Enterprises, Inc**                          Case number *(if known)* _____

▮ **Additional Page to List More Codebtors**

**Copy this page only if more space is needed.  Continue numbering the lines sequentially from the previous page.**

| Column 1: **Codebtor** | | Column 2: **Creditor** |
| --- | --- | --- |

2.6   **Phillip Campbell**      **1214 Waverly Street**         **Cleveland State Bank**      D __2.3__
                                **Cleveland, MS 38732**                                      E/F _____
                                                                                            G _____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:        **Campbell Family Enterprises, Inc., Debtor**        **Case No. 25-10364-SDM**
**CHAPTER 11**

**Projected Income June 2025 to May 2026**

| Category | Amount |
|---|---|
| Income | $1,160,000.00 |
| | |
| Expenses: | |
| Fuel | $312,000.00 |
| Insurance | $120,000.00 |
| Payroll and Payroll Taxes | $416,000.00 |
| Maintenance | $130,000.00 |
| Truck Parking | $18,000.00 |
| Secured Debts in the Plan | $77,514.72 |
| Professional Fees | $10,000.00 |
| IFTA Tax | $7,200.00 |
| Apportion Plates | $12,000.00 |
| Software | $12,000.00 |
| Bank Fees | $3,000.00 |
| Office Expenses | $10,000.00 |
| Cspire | $4,800.00 |
| Reserve | $12,000.00 |
| Total Expenses: | $1,144,514.72 |
| | |
| Net Income: | $15,485.28 |

Exhibit "B"