___

**SO ORDERED,**



**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**
___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    Campbell Family Enterprises, Inc, Debtor          Case No. 25-10364-SDM
                                                                                        CHAPTER 11

## ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION, AS MODIFIED

The cause came on for hearing on the Debtor's *Plan of Reorganization* dated May 5, 2025 (Dkt. 67, the "Plan"). The Court also considered the *United States Trustee's Objection to Debtor's Plan of Reorganization* filed June 9, 2025 (Dkt. 71, the "UST Objection") and being notified that the parties have reached an agreement.

After due deliberation, the Court orders and adjudicates that:

1. This Court has jurisdiction under 28 U.S.C.§§ 157 and 1334, and venue is proper. Confirmation of a chapter 11 subchapter V plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

2. The Plan, the hearing, and all related deadlines were served in accordance with Fed. R. Bankr. P. 2002 and 3017. No further notice is required.

3. As modified herein, the Plan complies with the applicable provisions of the Bankruptcy Code, including §§ 1129(a) and (b) (as incorporated by § 1191) or, if any impaired class has not accepted, the Plan satisfies § 1191(b).

4. The Debtor proposed the Plan in good faith and not by any means forbidden by law (§ 1129(a)(3)).

5. In accordance with 11 U.S.C. § 1129(a)(4), any compensation for services rendered or expenses incurred in this case is subject to prior approval by the Court. The Subchapter V Trustee shall continue to serve for the full term of the Plan pursuant to 11 U.S.C. § 1183. Debtor's counsel and the Subchapter V Trustee may submit fee applications at 120-day intervals, and the Debtor shall promptly pay all amounts approved by the Court.

6. The Plan is feasible, and creditors will receive at least as much as in a liquidation (§§ 1129(a)(7), (b)(2)(B) and 1191(c)(3)).

7. The Plan commits all projected disposable income for a 5-year period to Plan payments, and Class 9 general unsecured claims shall be paid pro rata, in five equal annual installments, until paid in full, thereby resolving ¶ 4(c) of the UST Objection.

8. To resolve the duplicate description of a 2020 Volvo VNR truck in Classes 4 and 6 and to incorporate the parties' agreement, the Plan is amended as set out below ("Amendment to Class 4 Treatment"), which is approved and incorporated in full. The Court finds that the 2020 Volvo VNR Truck securing Amur's claim (VIN ending 3720) is distinct from the 2020 Volvo VNR Truck securing the Class 6 claim of Volvo Financial Services (VIN ending 4052). This clarification resolves ¶ 4(b) of the UST Objection.

9. Pursuant to an agreement between the Debtor and Amur Equipment Finance, Inc. ("Amur"), the classification and treatment of Class 4 creditors under the Plan, specifically the secured Amur, shall be amended as follows:

    a. Amur holds a perfected, first-priority lien on one (1) 2020 Volvo VNR Truck (VIN ending 3720), valued at $50,000.00. Amur's secured claim is allowed in the principal amount of $50,000.00.

    b. The secured claim shall bear 8% simple interest per annum and be repaid in sixty (60) equal monthly installments of $1,013.82, beginning on the Effective Date.

    c. Commencing June 15, 2025 and each month thereafter until the Effective Date, the Debtor shall pay Amur $1,013.82 per month as adequate protection. Each such payment shall be credited against the final monthly installment(s) due under this Class 4 treatment.

    d. Amur shall retain its lien until the secured claim is paid in full. The Debtor shall maintain insurance on the collateral as required by the loan documents.

    e. Any portion of Amur's claim not satisfied through the payments above shall be treated as a Class 9 general unsecured claim and paid pro rata with other Class 9 creditors.

    f. Except as expressly modified herein, all other provisions of the Plan remain in full force and effect.

10. Within five (5) business days after the Effective Date, the Debtor shall file a Notice of Effective Date.

11. The Court retains jurisdiction to enforce this Order.

IT IS THEREFORE ORDERED THAT:

1. The Debtor's Plan, as modified by this Order, is CONFIRMED under 11 U.S.C. § 1191.

2. The provisions of the confirmed Plan and this Order are binding on the Debtor, all creditors, equity holders, and other parties in interest, whether or not they accepted the Plan, and on any successors or assigns of the foregoing (§ 1141).

3. The Debtor is authorized to execute all documents and take all actions necessary to consummate the Plan and Amendment to Class 4 Treatment.

4. Except as otherwise provided in the Plan or this Order, all property of the estate vests in the Debtor on upon completion of the plan, free and clear of all claims and interests, subject to the discharge provisions of § 1192.

5. Compensation of the Subchapter V Trustee is governed by paragraph 5 above. The Trustee shall be retained consistent with § 1183.

6. If any term of the confirmed Plan conflicts with this Order, this Order controls.

7. **Counsel for the Debtor-in-possession is directed to serve a copy of this Order upon all creditors and parties in interest who have entered an appearance, all secured creditors, the unsecured creditor's committee, and the U.S. Trustee within fourteen (14) days of entry of the order. Counsel for the Debtor shall also provide an accompanying certificate of service to the Clerk of Court. (SDM)**

##END OF ORDER##

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr., (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

/s/ Steven Usry
STEVEN USRY (MSB #100922)
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE OFFICE
OF THE U.S. TRUSTEE, REGION 5 501
EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI 39201
TEL: (601) 965-5247
EMAIL: steven.usry@usdoj.gov

**Projected Income June 2026 to May 2027**

| Category | Amount |
| --- | --- |
| **Income:** | $1,212,200 |
| **Expenses:** | |
| Fuel | 325,000 |
| Insurance | 125,000 |
| Payroll and Taxes | 425,000 |
| Maintenance | 140,000 |
| Truck Parking | 22,000 |
| Secured Debts in Plan | 67,000 |
| Professional Fees | 13,000 |
| IFTA Tax | 10,000 |
| Apportion Plates | 15,000 |
| Software | 15,000 |
| Bank Fees | 5,000 |
| Office Expenses | 10,000 |
| Cspire | 5,200 |
| Reserve | 15,000 |
| **Total Expenses:** | 1,192,200 |
| | |
| **Net Income:** | 20,000 |

**Projected Income June 2027 to May 2028**

| Category | Amount |
|---|---|
| **Income:** | $1,247,000 |
| **Expenses:** | |
| Fuel | 335,000 |
| Insurance | 135,000 |
| Payroll and Taxes | 435,000 |
| Maintenance | 150,000 |
| Truck Parking | 24,000 |
| Secured Debts in Plan | 57,000 |
| Professional Fees | 14,000 |
| IFTA Tax | 12,000 |
| Apportion Plates | 17,000 |
| Software | 15,000 |
| Bank Fees | 5,000 |
| Office Expenses | 11,000 |
| Cspire | 5,500 |
| Reserve | 16,500 |
| **Total Expenses:** | 1,232,000 |
| | |
| **Net Income:** | 15,000 |

**Projected Income June 2028 to May 2029**

| Category | Amount |
|---|---|
| Income: | $1,281,000 |
| Expenses: | |
| Fuel | 345,000 |
| Insurance | 142,000 |
| Payroll and Taxes | 440,000 |
| Maintenance | 160,000 |
| Truck Parking | 24,000 |
| Secured Debts in Plan | 47,000 |
| Professional Fees | 15,000 |
| IFTA Tax | 15,000 |
| Apportion Plates | 20,000 |
| Software | 18,000 |
| Bank Fees | 6,000 |
| Office Expenses | 11,000 |
| Cspire | 6,000 |
| Reserve | 17,000 |
| Total Expenses: | 1,266,000 |
| | |
| Net Income: | 15,000 |

**Projected Income June 2029 to May 2030**

| Category | Amount |
| --- | --- |
| **Income:** | $1,314,000 |
| **Expenses:** | |
| **Fuel** | 350,000 |
| **Insurance** | 150,000 |
| **Payroll and Taxes** | 450,000 |
| **Maintenance** | 170,000 |
| **Truck Parking** | 26,000 |
| **Secured Debts in Plan** | 32,000 |
| **Professional Fees** | 17,000 |
| **IFTA Tax** | 18,000 |
| **Apportion Plates** | 22,000 |
| **Software** | 19,000 |
| **Bank Fees** | 7,000 |
| **Office Expenses** | 13,000 |
| **Cspire** | 7,000 |
| **Reserve** | 18,000 |
| **Total Expenses:** | 1,299,000 |
| | |
| **Net Income:** | 15,000 |